UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| ALFRONZO COTTON, II, | ) |
| Petitioner, | ) Civil Action No. 5: 08-CV-443-JBC |
| vs. | ) |
| STEPHEN DEWALT, ET AL., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondents. | ) |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Alfronzo Cotton, II ("Cotton"), who is incarcerated at the Federal Medical Center in Lexington, Kentucky, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the $5 filing fee. [R. 5]

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Cotton is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On July 9, 2002, the State of Tennessee sentenced Cotton to a term of

1

incarceration for violating the terms of his parole after being charged with drug distribution and weapons crimes under state law. On October 9, 2002, a federal grand jury indicted Cotton on parallel federal offenses, and the state drug and weapons charges were dropped shortly thereafter.

Cotton remained in state custody for the next 18 months on the parole-violation sentence. On April 19, 2004, he pleaded guilty to the federal charges, and the federal court sentenced him to a 92-month term of incarceration to be served concurrently with his state sentence. *United States v. Cotton*, 02-CR-170, Middle District of Tennessee [R. 79 therein]. On May 18, 2004, Cotton completed his Tennessee state sentence and was released to the custody of the Federal Bureau of Prisons ("BOP") to begin service of the remainder of his federal sentence.

In 2007, Cotton challenged the BOP's computation of his sentence, asserting that because his federal sentence was ordered to run concurrently with his pre-existing state sentence, his federal sentence began to run on the same date his state sentence was imposed, on July 9, 2002. Cotton administratively exhausted this claim, up to and including a denial by the BOP's Central Office of Inmate Appeals on February 14, 2007.

Having administratively exhausted the claim, Cotton sought relief in this Court. In *Cotton v. Stine*, 07-98-DCR, Eastern District of Kentucky, Cotton sought habeas relief under 28 U.S.C. § 2241, asserting that the BOP was improperly refusing to credit against his federal sentence time he spent in state custody on the parole-revocation sentence. [R. 2 therein] On April 20, 2007, the Court denied the petition, explaining that the BOP's calculations were in full accord with 18 U.S.C. § 3585(a),(b), as a sentence generally commences from the date on which it is imposed, and Cotton had already been granted

pre-sentence credit to the extent permissible as *Willis* time credits. [R. 6 therein] Cotton did not appeal that judgment.

In his present petition, Cotton indicates that on August 1, 2008, the federal trial court entered a revised Judgment and Commitment Order ("J&C"), which reduced his sentence in light of the recently promulgated "crack amendments" to the Federal Sentencing Guidelines. When he arrived at FMC-Lexington on October 17, 2008, staff members informed him that the BOP had re-calculated his projected release date in light of the revised J&C, and that his new projected release date was July 6, 2009. Cotton reiterated to staff his belief that his federal sentence should have commenced not when it was imposed, on April 19, 2004, but rather when his prior Tennessee sentence was imposed, on July 9, 2002. BOP staff told Cotton that this was a "dead issue," and that the BOP's calculations would remain unchanged.

Cotton challenged this computation informally by filing a Form BP 8½ on October 21, 2008, and a Form BP-229 with the warden on November 5, 2008. In his petition, Cotton acknowledges that he took no further steps to exhaust his administrative remedies, but indicates his belief that doing so would render his challenge moot in light of the six-month period he anticipates it would take to complete the grievance process.

**II.    DISCUSSION**

The claim asserted by Cotton in his present petition, that his federal sentence should be deemed to have commenced on July 9, 2002, prior to its imposition, by virtue of the federal court's order that it run concurrently with his previously imposed state sentence, has already been addressed on the merits and rejected by this Court:

> As the BOP correctly notes, the general rule is that under § 3585(a), a

3

> sentence to a term of imprisonment begins on the date the defendant is received into official custody.
>
> \*\* \*\* \*\*
>
> Here, the Petitioner could not begin serving his federal sentence until the date on which it was imposed, at the earliest, which in Cotton's case was April 19, 2004. Cotton could not receive additional credit on his federal sentence for the [prior] July 9, 2002 to April 19, 2004 time period because that credit was applied to his state sentence.
>
> \*\* \*\* \*\*
>
> Under *Willis*, the Petitioner has been awarded all of the pre-sentence custody credit to which he is entitled. Although the Petitioner's federal sentence was ordered to run concurrent with his state sentence, that does not equate into a finding that the Petitioner is entitled to double credit on both his state and federal sentences. Because Petitioner Cotton received credit toward his state sentence for the time period in question, he may not receive credit for this time toward his federal sentence. *See* 18 U.S.C. §3585(b); *United States v. Wilson*, 503 U.S. at 337; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993).

*Cotton v. Stine*, 07-98-DCR, Eastern District of Kentucky [R. 6 therein at pgs. 5-7]. The Court sees no reason to depart from that well-reasoned opinion. Further, the Court declines to address Cotton's petition on the merits as it constitutes an abuse of the writ. *See McCleskey v. Zant*, 499 U.S. 467, 489 (1991) (court has discretion to decline to decide petition on merits as abuse of the writ where petitioner raises a claim in a subsequent petition that was or could have been raised in earlier petition). Finally, the Court notes that the entry of a revised J&C to adjust the *length* of a sentence under the "crack amendments" to the Sentencing Guidelines affords no basis to revisit the issue of when a sentence *commences*, a matter determined by statute, 18 U.S.C. § 3585(a), and vested to the BOP for determination. For these reasons, Cotton's petition will be denied.

**III. CONCLUSION**

4

Accordingly, **IT IS ORDERED** that:

1. Cotton's *Motion for Leave to Insert a Corrected Page and to Attach Appendix 8 and 9 to Separate Appendix* [R. 4] is **GRANTED**.

2. Cotton's Petition for a Writ of Habeas Corpus [R. 2] is **DENIED**.

3. An appropriate Judgment shall be entered.


Signed on  March 13, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5